## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ROY E. LEE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00040-JHR |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ improperly (i) rejected the opinion of his treating source, (ii) interpreted raw medical evidence to formulate his residual functional capacity ("RFC"), and (iii) erred in evaluating his credibility. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 8) at 2-5. I find no reversible error, and, accordingly, affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 12.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, Finding 1, Record at 14; that he had the severe impairments of degenerative lumbar disc/spine disease (status-post lumbar discectomy with residual chronic myofascitis and radiculitis) and obesity, Finding 3, *id.*; that he retained the RFC to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), Finding 5, *id.* at 17; that, considering his age (categorized as a younger individual ages 18-44 from his alleged disability onset date, January 4, 2010, through October 19, 2015, and as a younger individual ages 45-49 as of October 20, 2015), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 19-20; and that he, therefore, had not been disabled from January 4, 2010, through the date of the decision, November 4, 2015, Finding 11, *id.* at 20-21. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481 ; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Yuckert*, 482 U.S. at 146 n.5. At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. The ALJ's Treatment of the Opinion of the Plaintiff's Treating Source

The plaintiff first argues that the ALJ improperly rejected the opinion of his "longtime physician[,]" David L. Phillips II, M.D., that he needed to change positions every 20 minutes between sitting, standing, and reclining. Statement of Errors at 2; Record at 495. I find no error.

As a foundational matter, while a treating source opinion generally is entitled to more weight, *see* 20 CFR §§ 404.1527(c)(2), 416.927(c)(2), it is entitled to controlling weight only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," *id.* Further, while an ALJ must "always give good reasons . . . for the weight [the ALJ] give[s] [a claimant's] treating source's opinion[,]" *id.*, he or she may give it little to no weight so long as good reasons are provided, *see,*

3

*e.g., Heath v. Astrue*, No. 1:12-cv-99-DBH, 2012 WL 6913440, at \*11 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013).

The ALJ accorded the Phillips opinion "minimal/less probative weight[,]" deeming it "inconsistent with the just discussed record and the aforementioned medical evidence (See: Finding No. 3, supra)[.]" Record at 19. As the commissioner observes, see Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 9) at 5, the ALJ thereby indicated that he found inconsistency not only with other medical opinions of record, which, along with the plaintiff's activities of daily living, he had just discussed, *see* Record at 18-19, but also with the objective medical evidence discussed in conjunction with his Finding 3 concerning severe impairments, *see id.* at 14-15. In the text accompanying that finding, he emphasized that, despite the plaintiff's degenerative disc disease, he generally had normal neurological findings, including normal motor power and reflexes in his lower extremities. *See id.*

The commissioner correctly notes that the plaintiff challenges only the ALJ's reliance on other medical opinion evidence in discounting the Phillips opinion; thus, the ALJ's reliance on its inconsistency with the objective medical evidence stands. *See* Opposition at 5; Statement of Errors at 2-3.[2]

For the reasons that follow, I find no fault in the ALJ's conclusion that the Phillips opinion also was inconsistent with other medical opinion evidence of record. Inconsistency with other substantial evidence of record, in turn, constitutes a good reason for according a treating physician's opinion little to no weight. *See, e.g.*, *Campagna v. Berryhill*, No. 2:16-cv-00521-JDL, 2017 WL 5037463, at \*4 (D. Me. Nov. 3, 2017) (rec. dec., *aff'd* Jan. 2, 2018).

---

[2] I need not reach, therefore, the commissioner's argument that the finding of inconsistency with the objective medical evidence was supported by substantial evidence. *See* Opposition at 5.

In deeming the Phillips opinion inconsistent with other record evidence, the ALJ alluded, *inter alia*, to his prior discussion of five other expert opinions of record:

1.      Agency examining consultant Ira W. Stockwell, D.O., indicated in an October 5, 2012, report, *see* Record at 407-09, that, "while [the plaintiff] was limited concerning standing, walking, lifting and bending, and going from a sitting to a standing position, he was not restricted with respect to sitting and could carry occasionally[,]" *id*. at 18 (citation omitted).

2.      A June 11, 2012, opinion of agency nonexamining consultant Donald Trumbull, M.D., in connection with a prior claim, *see id*. at 48-49, "was generally consistent with the ability to perform a wide range of light work[,]" *id*. at 18 (citation omitted).[3]

3.      An October 18, 2012, opinion of agency nonexamining consultant Richard T. Chamberlin, M.D., in connection with a prior claim, *see id*. at 60-61, "was generally consistent with the ability to perform sedentary to light work activity (able to lift and carry 10 pounds frequently and 20 pounds occasionally, sit for 6 hours in an 8 hour work day with the need to stand and stretch for 5 minutes between work breaks, stand and/or walk for 4 hours in an 8 hour work[day], occasionally use left leg controls, unable to climb ropes/ladders/scaffolds and limited to occasional other postural activities[,]" *id*. at 18 (citation omitted).

4.      An April 30, 2014, opinion of agency nonexamining consultant Benjamin Weinberg, M.D., *see id*. at 76-78, "was generally consistent with the ability to perform a wide range of medium work[,]" *id*. at 18-19 (citations omitted).

5.      An October 14, 2014, opinion of agency nonexamining consultant Melvin Roberts, M.D., *see id*. at 101-02, "was generally consistent with the ability to perform a wide range of medium work[,]" *id*. at 19 (citations omitted).[4]

---

[3] The ALJ describes the Trumbull opinion as dated March 6, 2012.  *See* Record at 18.  Nothing turns on the error.
[4] The ALJ describes the Roberts opinion as dated April 30, 2014.  *See* Record at 19.  Nothing turns on the error.

The ALJ deemed this opinion evidence "generally consistent with and supported by the just discussed record and the aforementioned medical evidence (See: Finding No. 3, supra)," as a result of which it "would be entitled to significant probative weight[.]" *Id.*

The plaintiff argues that the ALJ gave "no legitimate reason for rejecting [the Phillips] opinion, simply noting that it [was] inconsistent with evaluations by nonexamining agency sources . . . and with a consultative evaluation by [Dr. Stockwell] which was from a previous application and dated October 5, 2012, roughly a year and half before Dr. Phillips' statement." Statement of Errors at 2. He asserts that the ALJ failed either to adopt, or explain why he did not adopt, a sit/stand option assessed by Drs. Trumbull and Chamberlin that he contends was similar to that of Dr. Phillips, or limitations assessed by Dr. Stockwell in his ability to lift, carry, bend, and shift from sitting to standing that he argues do not comport with a capacity for the full range of sedentary work. *See id.* at 2-3.

He argues that the Weinberg and Roberts opinions furnish no support for the ALJ's RFC determination because their finding that he retained the capacity for medium work is "too far removed" from the ALJ's finding that he was capable only of performing sedentary work. *Id.* at 3.

Finally, he contends that an August 27, 2014, report of an agency examining consultant, physical therapist ("P.T.") Gabriel Redmond, supports the Phillips opinion given P.T. Redmond's conclusion, based on physical testing, that he had limitations in his ability to ambulate and sit. *See id.*; Record at 504-07.

As the commissioner persuasively argues, *see* Opposition at 3-7, however, the plaintiff, who bears the burden at Step 4, *see Yuckert*, 482 U.S. at 146 n.5, fails to demonstrate that the ALJ's finding of inconsistency between Dr. Phillips' opinion and those of Drs. Stockwell,

Trumbull, Chamberlin, Weinberg, and Roberts was error or that the ALJ erred in failing to note any consistency between the Phillips opinion and that of P.T. Redmond.

1. *Stockwell opinion*. The plaintiff faults the ALJ's reliance on the 2012 Stockwell opinion because it was rendered "roughly a year and a half before Dr. Phillips' statement." Statement of Errors at 2. However, he identifies no respect in which his ability to function in the workplace changed in the interim. Moreover, as the plaintiff's counsel acknowledged at oral argument, the Stockwell opinion was rendered during the relevant period, the plaintiff having alleged disability commencing on January 4, 2010. *See* Record at 216, 218. To the extent that the plaintiff argues that Dr. Stockwell's vague limitations in his ability to lift, carry, bend, and shift from sitting to standing do not comport with a capacity for a full range of sedentary work, he cites no authority for that proposition. *See* Statement of Errors at 2-3. In any event, Dr. Stockwell assessed no need to change positions during a workday and no limitations in the plaintiff's ability to sit. *See* Record at 409.

2. *Trumbull and Chamberlin opinions*. The plaintiff argues that the ALJ erred in according substantial weight to the opinions of Drs. Trumbull and Chamberlin while ignoring their assessment of a sit/stand option similar to that of Dr. Phillips. *See* Statement of Errors at 2. Yet, he fails to show that the ALJ's acknowledgement of the Trumbull/Chamberlin sit/stand option would have made a difference in his assessment of the Phillips opinion. While Dr. Phillips assessed a need to change positions every 20 minutes between sitting, standing, and reclining, *see* Record at 495, Drs. Trumbull and Chamberlin each assessed a need to stand and stretch for five minutes between normal breaks to relieve discomfort secondary to low back pain. *See id.* at 48, 60. As a practical matter, this translated to a need for a five-minute break, over and above normal breaks, four times in an eight-hour workday, given the commissioner's recognition that the typical

workday is divided into two-hour segments with morning, lunch, and afternoon breaks. *See, e.g., MacDougall v. Astrue*, No. 2:10-cv-400-GZS, 2011 WL 4566268, at *8 (D. Me. Sept. 29, 2011) (rec. dec., *aff'd* Oct. 20, 2011). Dr. Phillips, by contrast, assessed a need for a break every 20 minutes throughout an eight-hour workday, a considerably more stringent limitation. *See* Record at 495.[5]

3.    *Weinberg and Roberts opinions*. The plaintiff asserts that the Weinberg and Roberts opinions do not support the ALJ's opinion because Drs. Weinberg and Roberts found that he had a much greater exertional capacity than did the ALJ. *See* Statement of Errors at 3. But, the ALJ supportably found the Weinberg and Roberts opinions inconsistent with that of Dr. Phillips in that neither assessed a need to change positions during the workday. *See* Record at 76-78, 101-02.

4.    *Redmond opinion*. Following an evaluation of the plaintiff on August 27, 2014, P.T. Redmond concluded that he had several limitations, including a modified ability to ambulate 10 feet, tandem walk, perform sit to/from stand, and perform sit to/from supine. *See id*. at 504. The plaintiff asserts that this was similar to and supports Dr. Phillips' opinion. *See* Statement of Errors at 3. The ALJ recognized as much, however, and accorded minimal/less probative weight to the Redmond opinion for the same reasons as he had the Phillips opinion. *See* Record at 19.

---

[5] The plaintiff argues, in passing, that the ALJ's failure either to adopt the Trumbull/Chamberlin limitation or explain why he did not do so is an independent violation of Social Security Ruling 96-6p ("SSR 96-6p"). *See* Statement of Errors at 2 & n.1. This point is sufficiently undeveloped as to be waived. *See, e.g., United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). In any event, the plaintiff does not explain how the adoption of the Trumbull/Chamberlin limitation (*versus* that of Dr. Phillips) would have made a difference. *See* Statement of Errors at 3-4.

## B. The ALJ's Determination of the Plaintiff's RFC

The plaintiff next argues that the ALJ's RFC formulation was unsupported by substantial evidence because it deviates in some respect from every expert RFC opinion of record and is not a matter of commonsense judgment. *See* Statement of Errors at 4. As a result, he asserts, the ALJ impermissibly relied on his own lay interpretation of the raw medical evidence to assess RFC. *See id.*; *see also, e.g., Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (Although an ALJ is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record.").

Nonetheless, the ALJ pointedly noted that he had given "the [plaintiff] the benefit of the doubt" in assessing a more plaintiff-friendly (restrictive) RFC than those assessed by several experts, including Drs. Weinberg and Roberts, which he noted otherwise "would be entitled to significant probative weight" because they were "generally consistent with and supported by the just discussed record and the aforementioned medical evidence[.]" Record at 19.

In circumstances in which an ALJ supportably rejects a treating physician opinion but otherwise gives the claimant the benefit of the doubt by adopting an RFC more favorable to the claimant than those set forth in expert opinions on which the ALJ otherwise could have relied, remand is unwarranted. *See, e.g., Staples v. Berryhill*, No. 1:16-cv-00091-GZS, 2017 WL 1011426, at *4-5 (D. Me. Mar. 15, 2017) (rec. dec., *aff'd* Mar. 30, 2017).

The ALJ indicated that, but for his decision to give the plaintiff the benefit of the doubt, the Weinberg and Roberts RFC opinions merited substantial weight, *see* Record at 19, and the plaintiff does not argue otherwise, *see* Statement of Errors at 4.

Remand, accordingly, is unwarranted based on this point of error.[6]

## C. The ALJ's Credibility Assessment

The plaintiff finally contends that the ALJ's credibility assessment was invalidated by his analytical errors in weighing the Phillips opinion and determining RFC as well as his reliance on the plaintiff's performance of daily activities that have no correlation with the ability to engage in full-time work. *See id.* at 5.

For the reasons discussed above, I find no analytical error in either the ALJ's handling of the Phillips opinion or his determination of the plaintiff's RFC.

While it is true, as the plaintiff suggests, *see id.*, that "a claimant's activities of daily living, standing alone, do not constitute substantial evidence of a capacity to undertake full-time remunerative employment," *Rucker v. Colvin*, Civil No. 2:13-CV-218-DBH, 2014 WL 1870731, at *7 (D. Me. May 8, 2014) (citation omitted), an ALJ "properly may take such activities into consideration in assessing the credibility of a claimant's allegations[,]" *id.* (citation omitted). The ALJ did so here. *See* Record at 18.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED**.

Dated this 8th day of February, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[6] At oral argument, the plaintiff's counsel also contended that the ALJ had erred in purporting to rely on conflicting opinions without attempting to reconcile them. Yet, the ALJ made clear that, in his view, all of the opinions on which he relied supported at least a capacity to perform sedentary work and that, to the extent that certain of those opinions assessed a greater capacity (such as those of Drs. Weinberg and Roberts), he gave the plaintiff the benefit of the doubt. *See* Record at 18-19.